

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-83,550-02

### EX PARTE LEE OTIS BROOKS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1372922-B IN THE 209TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated assault and was sentenced to seven years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things, that when he pleaded guilty, he was on parole on a twenty-eight-year sentence for possession of a controlled substance. He contends that trial counsel advised him that his present sentence would be his controlling sentence while in prison and would "override" the remaining six years on his twenty-eight-year sentence. In fact, he says he forfeited 3,352 days he spent on parole and his discharge date is now 2031.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim. Counsel shall state what advice, if any, she gave to Applicant regarding his parole, street time, and discharge date. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After reviewing counsel's response, the trial court shall make findings of fact and conclusions of law as to whether counsel's conduct was deficient and Applicant would have insisted on a trial but for her deficient conduct. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 25, 2017
Do not publish